UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONAT GLOBAL CORP,

    Plaintiff,

v.                                                    CASE NO. 8:17-cv-1666-T-23MAP

MAGS KAVANAUGH and
CALIFORNIA BEAUTY
STUDIOS, INC.,

    Defendants.
_____/

**<u>ORDER</u>**

The parties sell competing hair products. According to Monat Global Corporation, Mags Kavanaugh orchestrated an "[I]nternet smear campaign" (Doc. 1 at ¶ 27) in which Kavanaugh posted false comments on Facebook about Monat's products and marketing tactics. For example, Kavanaugh purportedly claimed that Monat's products duplicate the formula of non-party Wen's products, which the FDA reportedly investigated after receiving 1,300 complaints about balding and scalp irritation. (Doc. 1 at ¶¶ 30–35) At least 5,000 people, including many "salon owners, stylists, or [others] in the hair[-]care industry," allegedly view Kavanaugh's Facebook posts. (Doc. 1 at ¶¶ 20, 77–78)

Under the Lanham Act, Monat sues (Doc. 1) Kavanaugh and Kavanaugh's company, California Beauty Studios, for false advertising. Also, Monat sues

Kavanaugh and California Beauty Studios under Florida statutory and common law for misleading advertising, trade libel, defamation, unfair competition, and tortious interference. The defendants move (Doc. 11) to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.[1]

**DISCUSSION**

First, the defendants argue that Kavanaugh's statements are "opinions" or "puffery" protected by the First Amendment, but the First Amendment offers no protection to a defendant who misrepresents a fact to a prospective customer. *Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771–72 (1976). Although occasionally masquerading as opinion, several of Kavanaugh's alleged comments convey specific and objective (rather than vague and subjective) assertions. For example, Kavanaugh allegedly claimed that Monat unlawfully used Kavanaugh's name in a promotion and that Kavanaugh consequently sued Monat. (Doc. 1 at ¶¶ 28, 56) Also, Kavanaugh allegedly claimed that Monat's products replicate the formula of Wen's products, that Monat's products contain silicone, and that Monat's products "are full of follicle clogging oils." (Doc. 1 at ¶¶ 30, 39, and 52) Because several of the alleged statements convey specific and falsifiable assertions,

---

[1] Despite the absence of a fraud allegation, the defendants argue that Rule 9(b) applies to this action. Although a handful of decisions apply Rule 9(b) to allegedly false or misleading (but not fraudulent) advertising, the more persuasive authority requires only a "short and plain" statement. *See, e.g., Advisors Excel, L.L.C. v. Scranton*, 2014 WL 12543802 at *3 (S.D. Fla. Sept. 15, 2014) (Middlebrooks, J.); *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F.Supp.2d 1314, 1327 (M.D. Fla. 2007) (Conway, J.). Even if Rule 9(b) governs, the complaint details the "time, place, and manner" of the allegedly false and misleading advertising.

- 2 -

the "opinion" argument fails.  *See Fed. Trade Comm'n v. NPB Advert.*, 218 F.Supp.3d 1352, 1363–64 (M.D. Fla. 2016) (explaining the distinction between fact and opinion).

Second, the defendants argue that none of Kavanaugh's statements constitutes "commercial" advertising subject to the Lanham Act.  A statement that "proposes a commercial transaction" "fall[s] within the core notion of commercial speech." *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983).  None of Kavanaugh's alleged statements touts the defendants' products or encourages a prospective customer to patronize the defendants; the statements attempt to discourage a transaction (buying Monat's products).

Even a statement that expressly proposes no transaction might constitute commercial speech if included in an advertisement that mentions a particular product[2] and if profit motivates the statement.  *Edward Lewis Tobnick, MD v. Novella*, 848 F.3d 935, 950 (11th Cir. 2017) (quoting *Bolger*, 463 U.S. at 66–67).  Although *Bolger* applies those three facts (an advertisement, a mention of a particular product, and a profit motive) to the commercial-speech determination, *Bolger* disclaims suggesting "that each of [these] characteristics . . . must necessarily be present in order for speech to be commercial."  463 U.S. at 67 n.14.  The parties dispute whether the statements are advertisements, but the statements specifically mention

---

[2] Even a statement that includes no mention of a specific product might constitute commercial speech. *See, e.g.*, *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509 (7th Cir. 2014) (Sykes, J.).

Monat's products, and Monat alleges that an aspiration for profit motivated Kavanaugh's statements. Monat adequately alleges commercial speech.

Third, the defendants argue that the complaint "amounts to an impermissible 'shotgun pleading.'" (Doc. 11 at 6–8) Although several counts improperly incorporate by reference the preceding counts, *Wieland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015), the complaint suffers from no lack of clarity. In fact, the complaint appears concise and coherent.

Fourth, California Beauty Studios argues that Monat fails to state a claim against California Beauty Studios because the complaint alleges no statement or action by the company. (Doc. 11 at 17) Responding persuasively, Monat argues (Doc. 13 at 6–7) that California Beauty Studios bears vicarious liability for Kavanaugh's statements because Kavanaugh allegedly spoke "with the purpose of influencing consumers to buy the products [Kavanaugh] sells at Beauty Studios." (Doc. 1 at ¶ 75)

## CONCLUSION

The motion (Doc. 11) to dismiss is **DENIED**.[3]

ORDERED in Tampa, Florida, on January 22, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3] In a footnote, the defendants argue unpersuasively that Monat's claim for trade libel fails to plead special damages.